FILED

**NOT FOR PUBLICATION**

NOV 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: R & S ST. ROSE, LLC, <br><br> Debtor, <br><br>———————————————— <br><br> BRANCH BANKING AND TRUST COMPANY, Successor In Interest to FDIC as Receiver of Colonial Bank, N.A., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> R & S ST. ROSE, LLC, <br><br> Defendant - Appellee. | No. 14-16605 <br><br> D.C. Nos.  2:13-cv-02165-JCM <br> 2:13-cv-02177-JCM <br><br><br> MEMORANDUM<sup>*</sup> |
| In re: R & S ST. ROSE, LLC, <br><br> Debtor, <br><br>———————————————— <br><br> COMMONWEALTH LAND TITLE INSURANCE COMPANY, <br><br> Plaintiff - Appellant, | No. 14-16702 <br><br> D.C. Nos.  2:13-cv-02165-JCM <br> 2:13-cv-02177-JCM |

---

       *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

R & S ST. ROSE, LLC,

        Defendant - Appellee.

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted October 22, 2015
San Francisco, California

Before: CLIFTON and N.R. SMITH, Circuit Judges and LASNIK,[**] District Judge.

      Branch Banking and Trust Co. and Commonwealth Land Title Insurance Co. appeal the district court's order affirming the bankruptcy court's confirmation of a plan pertaining to the bankruptcy of R & S St. Rose, LLC. The confirmation of a plan is a final order pursuant to 28 U.S.C. § 158(d) and we therefore have jurisdiction over this appeal. *See Bullard v. Blue Hills*, 135 S. Ct. 1686, 1692 (2015). We note, however, that since the filing of this appeal the property at issue has been sold at auction. It is therefore unclear exactly what the parties hoped to accomplish through this appeal, particularly since neither appellant has put forward

---

    [**]    The Honorable Robert S. Lasnik, District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

an alternative plan. Nevertheless, the parties did not address the legal relevance of the auction proceedings and we decline to do so here.

The district court correctly concluded that the Clark County Taxing Authority was properly treated as a class under the Bankruptcy Code. 11 U.S.C. § 1123(a)(1) excludes claims specified in 11 U.S.C. § 507(a)(8), which include *unsecured* tax claims, from being designated as a class for purposes of plan approval. However, § 1123(a)(1) fails to address in any respect *secured* tax claims, such as the claim held by Clark County. The mere fact that the Code mandates that both secured and unsecured tax claims be treated equally with respect to the distribution of cash payments, 11 U.S.C. § 1129(a)(9)(D), says nothing as to how the two types of claims are to be classified. Accordingly, Clark County's secured tax claim was free to be classified by Debtor in the same way as any other claim not excluded from classification by § 1123(a)(1).

The district court also correctly concluded that Clark County's claim was impaired. This circuit has broadly defined "impairment" to include "any alteration of [a creditor's] rights . . . even if the value of the rights is enhanced." *L & J Anaheim Assocs. v. Kawasaki Leasing Int'l, Inc. (In re L & J Anaheim Assocs.)*, 995 F.2d 940, 942 (quoting *In re Acequia*, 787 F.2d 1352, 1363 (9th Cir. 1986)). Under the confirmed plan, Clark County is entitled to be paid in full within 90 days

after the effective date of the plan. This treatment differs from the treatment that would have been accorded to the County had it not been subject to the plan. Clark County's claim was consequently impaired by the plan.

Finally, the district court did not err in affirming the bankruptcy court's finding that the plan was proposed in good faith. A bankruptcy court's factual determination of good faith is reviewed for clear error. *Marshall v. Marshall (In re Marshall)*, 721 F.3d 1032, 1046 (9th Cir. 2013). Good faith is determined "based on the totality of the circumstances." *Platinum Capital, Inc. v. Sylmar Plaza L.P. (In re Sylmar Plaza, L.P.)*, 314 F.3d 1070, 1074 (9th Cir. 2002). The bankruptcy court did not clearly err in finding that there were valid economic or business reasons for the proposed treatment of Clark County. Debtor had no operations, no cash flow, and no funds to pay Clark County until the effective date. The 90 day delay also allowed for additional time after the sale of property during which the parties could file any remaining objections and address potential issues surrounding easements attached to the property.

**AFFIRMED**.